# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **ORLANDO MCKIGHT** | **CIVIL ACTION NO. 20-1090-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

Plaintiff, a Rastafarian, filed an order to show cause for a preliminary injunction [Doc. 12]. Plaintiff is a lacto-vegetarian whose diet excludes meat, fish, poultry, eggs and any foods that contain these items. He claims he is a lactovegetarian for general and specific religious reasons. Plaintiff claims he is being denied the daily requirement of Vitamin B12 which is 2.4 micrograms a day. He claims a Vitamin B12 deficiency can cause severe problems and vegetarians should consider vitamin supplements, vitamin-enriched cereals, and fortified soy products.

Plaintiff claims the vegetarian menu at DWCC is a Lacto-Ovo vegetarian diet which includes dairy products and eggs. He is unable to eat the eggs or the foods that contain eggs. He also claims his means of purchasing vita-min-enriched cereals and vitamin supplements from the canteen has been restricted since February 5, 2020. Plaintiff claims he has a vitamin B12 deficiency which can increase the risk of several chronic diseases.

Plaintiff seeks a lacto-vegetarian diet which excludes meat, fish, poultry, eggs, and foods that contain them. He claims dairy products such as milk, cheese, yogurt, and butter

are included in a lacto-vegetarian diet. He also seeks a substitute such as vitamin enriched cereals to replace eggs and foods that contain eggs.

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. <u>Walgreen Co. v. Hood</u>, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. <u>Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana</u>, 762 F.2d 464, 472 (5th Cir.1985).

Plaintiff has failed to meet the requirements set forth above. Plaintiff's claim in this motion is identical to one of the claims in his complaint and amended complaints. The court has ordered Defendants to file an answer to his complaint and is reviewing this matter as expeditiously as possible. Plaintiff has failed to provide the court with extraordinary circumstances demonstrating a substantial threat of irreparable injury absent an injunction.

Accordingly;

**IT IS RECOMMENDED** that the order to show cause for a preliminary injunction [Doc. 12] be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 6th day of August, 2021.

Mark L. Hornsby
U.S. Magistrate Judge